## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FELIPA D. SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-117-RAW-GLJ |
| | ) | |
| RYAN P. JACOB, WILLIAMS | ) | |
| SAUSAGE CO. INC., and TYSON | ) | |
| FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Tyson Foods, Inc.'s Motion to Dismiss. Plaintiff instituted this action in state court in Bryan County, Oklahoma against the above-named Defendants. Defendant Williams Sausage removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. *See* Docket No. 2. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 15. For the reasons set forth below, the undersigned Magistrate Judge finds Defendant Tyson Foods, Inc.'s Motion to Dismiss First Amended Complaint [Docket No. 31] should be DENIED.

### Procedural History

Plaintiff, an Oklahoma resident, filed this action on December 11, 2023, in state court in Bryan County, Oklahoma, in Case No. CJ-2023-253. Plaintiff asserts claims against all Defendants for negligence, including operating a motor vehicle in a negligent

1

and reckless manner and driving at a speed unsafe for the conditions, against Williams Sausage and Tyson for vicarious liability, and against Williams Sausage for negligent hiring, retention and entrustment. *See* Docket No. 25, ¶¶ 12-14. Plaintiff alleges that Tyson acquired Williams Sausage but does not specify a date. *Id*. at ¶ 4. Tyson alleges that it should be dismissed because there is no factual support for any of the claims Plaintiff asserts against it and the claims against it are prohibited by 12 O.S. § 682(B). *See* Docket No. 31.

## Analysis

### I.    Legal Standard

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 [internal quotation

marks omitted]). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [her] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

I.    *Failure to State a Claim*

Tyson argues that Plaintiff fails to state a claim against it because she "has absolutely no factual or legal basis to make these allegations." *See* Docket No. 31, p. 4. Tyson argues that because it did not acquire Williams Sausage until one year after the accident that is the subject of the lawsuit, it cannot be held vicariously liable for any act or omission of Jacob. *Id*. Plaintiff incorrectly asserts that the Court overruled Tyson's previous Moton to Dismiss when Tyson's previous Motion to Dismiss was denied as moot because Plaintiff filed her First Amended Complaint. *See* Docket No. 26. Plaintiff also challenges Tyson's argument that her allegations are "factually incorrect" as improper at the motion to dismiss stage. S*ee* Docket No. 38, p, 5.

While not set forth in much detail, Plaintiff alleges facts sufficient to create a plausible inference that Tyson is liable for the claims alleged. Specifically, Plaintiff alleges that, although at the time of the accident Jacob was operating a vehicle owned by Williams

Sausage, Jacob was acting in the course and scope of his employment and acting as an agent or employee of Williams Sausage and/or Tyson.  *See* Docket No. 25, ¶¶ 9 & 11. Plaintiff further alleges that Williams Sausage and Tyson are vicariously liable for Jacobs actions and that Williams Sausage and Tyson should have known that Jacobs was not a fit and prudent operator of a motor vehicle.  *Id*., ¶ 14.  However, Plaintiff alleges that only Williams Sausage negligently hired, retained, permitted, and entrusted Jacobs with the vehicle.  *Id*.

Federal Rule of Civil Procedure 8(a) states that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (internal quotation marks and citation omitted).  Courts do not "require heightened fact pleading of specifics" to survive a motion to dismiss under Rule 12(b)(6), "but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Moreover, there is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6).  *See Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir.1999).  In accepting as true the facts pled and construing those allegations in the light most favorable to Plaintiff, *see Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009), it is plausible that Tyson could be vicariously liable for Jacobs acts if it assumed some or all the potential liabilities of Williams Sausage. Although Plaintiff does not specifically articulate it, it is a reasonable inference based on the facts alleged that Tyson may have assumed some or all of Williams Sausage's liabilities

4

in the acquisition. Thus, the undersigned Magistrate Judge concludes that Plaintiff sufficiently alleges facts in support of her claims against Tyson.

Tyson rests its challenge to Plaintiff's factual allegations on its assertion that because it acquired Williams Sausage after the accident, it cannot be liable for the claims Plaintiff alleges. In doing so, Tyson appears to dispute Plaintiff's factual allegations more so than arguing there are no factual allegations. To support its factual argument, Tyson attempts to introduce factual matters by attaching a Tyson press release dated May 22, 2023, stating that on that day Tyson had completed its previously announced acquisition of Williams Sausage. *See* Docket No. 31, Ex. 1.

Tyson offers no authority or argument supporting the Court's consideration of its press release. A court generally may not consider evidence extraneous to the complaint when ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. *David v. City & Cty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Notwithstanding this rule, "the district court may consider documents *referred to* in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (emphasis added). Although Plaintiff vaguely references Tyson's acquisition of Williams Sausage in her First Amended Complaint, the undersigned Magistrate Judge does not find such an oblique reference sufficient to consider the press release "referred to" in the complaint or to permit the consideration of such extraneous material.

The undersigned Magistrate Judge also declines to take judicial notice of Tyson's press release. Under some circumstances a court may take judicial notice of newspaper

articles that demonstrate that certain facts were generally known within the court's jurisdiction. *See*, *e.g.*, *Washington Post v. Robinson*, 935 F.2d 282, 291-292 (D.C. Cir. 1991) (newspaper articles that revealed involvement of informant in criminal investigation considered in action by newspaper to compel unsealing of plea agreement). A court may also take judicial notice of facts reported in newspaper articles where those facts were generally known within the local jurisdiction or were capable of a sufficiently accurate and ready determination. *See*, *e.g.*, *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (report of layoffs concerned matter generally known in Southern California and subject to accurate and ready determination); *Peters v. Delaware River Port Authority of PA and NJ*, 16 F.3d 1346, 1356, n. 12 (3d Cir. 1994) (notice of newspaper accounts reflecting existence of competition between state authorities). Even then, "[h]owever, '[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein.'" *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). "When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true." *Hampton v. Root9b Techs., Inc.*, 2016 WL 7868823, at *4 (D. Colo. Aug. 3, 2016) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009); *accord Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). Furthermore, "judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("A legal rule may be a proper fact for

6

judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law."). The issue here is not notice or some general knowledge of Tyson's acquisition of Williams Sausage, but whether Tyson can be liable for Plaintiff's claims. Moreover, unlike the cases cited above, Tyson offers nothing more than its own press release, which does not rise to the level of a newspaper or other independent media article, for the Court to take judicial notice.

Lastly, even if the undersigned Magistrate Judge were to take notice of and consider the press release, it does not address the possibility of Tyson's liability for Plaintiff's claims. There is nothing in the press release regarding the structure of the transaction, including whether Tyson acquired or excluded any liabilities of Williams Sausage, such as any liability for Plaintiff's claims, as part of its acquisition of Williams Sausage. Thus, even if it were considered, the press release falls well short of proving what Tyson represents it to prove.

II.    *12 O.S. § 682(B)*

Tyson also argues that 12 O.S. § 682(B) prevents Plaintiff's claims against it. *See* Docket No. 31, pp. 4-5. Tyson argues that Oklahoma law prohibits any claims brought against "any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefore against the corporation and execution thereon returned unsatisfied." 12 O.S. § 682(B). Plaintiff argues this provision is inapplicable to its claims against Tyson, noting that the last sentence provides that, "nothing herein prohibits a suit or claim against an officer,

director or shareholder for their own conduct, act or contractual obligation. . . ." *See* Docket No. 38, p. 4.

Based on the plain language of 682(B), it is inapplicable to Plaintiff's claims against Tyson for its own conduct, any liability based on a contractual obligation or its vicarious liability for Jacob's acts. *See*, *e.g.*, *First Mtg. Co., LLC v. Strategic Mtg. Finance Group, LLC*, 2021 WL 3276605, at *2 (W.D. Okla. July 30, 2021) (to the extent plaintiff's allegations are against defendants individually, § 682(B) does not prohibit such suit or claim) (citing *Northstar Mgmt., Inc. v. Vorel*, 2019 WL 7753449, at *3 (W.D. Okla. Nov. 20, 2019); *Curl v. Lytal*, 2020 WL 8362812, at *2 (N.D. Okla. Dec. 1, 2020) (§ 682(B) "does not prevent a person from being sued directly for his own conduct.") (citing *Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, 2017 WL 6397492, at *5 (N.D. Okla. Dec. 14, 2017)). Thus, 12 O.S. § 682(B) does not prohibit Plaintiff's claims against Tyson.

### Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Tyson Foods, Inc.'s Motion to Dismiss First Amended Complaint [Docket No. 31] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections

and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 20th day of June, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**