**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FELIPA D. SANCHEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cv-117-RAW-GLJ** |
| | ) | |
| **RYAN P. JACOB, WILLIAMS** | ) | |
| **SAUSAGE CO. INC., and TYSON** | ) | |
| **FOODS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand. Plaintiff instituted this action in state court in Bryan County, Oklahoma against the above-named Defendants. Defendant Williams Sausage removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. *See* Docket No. 2. Plaintiff now seeks to have the case remanded to state court for lack of diversity jurisdiction. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 15. For the reasons set forth below, the undersigned Magistrate Judge finds Plaintiff's Motion to Remand to State Court and Brief in Support [Docket No. 37] should be DENIED.

**Procedural History**

Plaintiff, an Oklahoma resident, filed this action on December 11, 2023, in state court in Bryan County, Oklahoma, in Case No. CJ-2023-253. Plaintiff asserts claims

against all Defendants for negligence, including operating a motor vehicle in a negligent and reckless manner and driving at a speed unsafe for the conditions, against Williams Sausage and Tyson for vicarious liability, and against Williams Sausage for negligent hiring, retention and entrustment.  *See* Docket No. 25, ¶¶ 12-14.  On March 28, 2024, Williams Sausage removed this action based on diversity jurisdiction, with the consent of Jacob and Tyson, because Plaintiff is a resident of the State of Oklahoma and Jacob is a resident of the State of Texas, Williams Sausage is a Tennessee Corporation with its principal place of business in the State Tennessee, and Tyson is a Delaware Corporation with its principal place of business in the State of Arkansas.  *See* Docket No. 25, ¶¶ 2-5. Plaintiff alleges that remand is proper because Williams Sausage relied on "conclusory statements" and did not offer evidence sufficient to support diversity jurisdiction.  *See* Docket No. 37, p. 1.

## Analysis

### I.    Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

## II.    Diversity of Citizenship

Plaintiff argues that, in its notice of removal, Williams Sausage relied on conclusory claims of residence or citizenship and principal places of business in other states and that such statements do not constitute proof by a preponderance of the evidence.  In support of its proposition that Defendants have not proven their citizenship and principal places of business, Plaintiff poses a serious of "questions" that all relate to Defendants' contacts with the State of Oklahoma.

Defendants have set forth by a preponderance of the evidence that complete diversity exists in this case.  As set out above, in the Notice of Removal, Williams Sausage specifically asserts that Plaintiff is a resident of the State of Oklahoma and Jacob is a resident of the State of Texas, Williams Sausage is a Tennessee Corporation with its principal place of business in the State Tennessee, and Tyson is a Delaware Corporation

with its principal place of business in the State of Arkansas. *See* Docket No. 2, ¶¶ 3-5. This is consistent with Plaintiff's own allegations in the First Amended Complailnt. See Docket No. 25, ¶¶ 1-4. Additionally, Williams Sausage specifically set forth in its disclosure pursuant to Fed. R. Civ. P. 7.1 that it is a corporation incorporated in Tennessee and has its principal place of business in Tennessee. *See* Docket No. 10. Similarly, Tyson specifically set forth in its disclosure pursuant to Fed. R. Civ. P. 7.1 that it is a corporation incorporated in Delaware and has its principal place of business in Arkansas. *See* Docket No. 11. Further, both Williams Sausage and Tyson disclosed that Williams Sausage is a wholly owned subsidiary of Tyson. *See* Docket Nos. 10 & 11. Finally, Jacobs specifically set forth in his disclosure pursuant to Fed. R. Civ. P. 7.1 and admits in his answer that he is a Texas residence. *See* Docket Nos. 7 & 40. Plaintiff plainly asserts that she requests a judgment in an amount in excess of $75,000 exclusive of costs, attorneys' fees and punitive damages. Thus, the requirements of 28 U.S.C. § 1332 and 1441 are satisfied and subject matter jurisdiction is proper in this Court.

Lastly, Plaintiff's questions and arguments regarding Defendants' various potential contacts with and whether those contacts are a substantial connection with the State of Oklahoma are irrelevant for purpose of subject matter jurisdiction or removal. Minimum contacts and the attendant arguments by Plaintiff are only relevant to personal jurisdiction questions, which is not before the Court.

**Conclusion**

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand to State Court and Brief in Support [Docket No. 37] should

be DENIED.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

   **DATED** this 20th day of June, 2024.

            _____
            **GERALD L. JACKSON**
            **UNITED STATES MAGISTRATE JUDGE**